IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLORENCE HILL and<br>A[.] W[.]<br><br>    Plaintiff,<br><br>V.<br><br>BIRDVILLE ISD, MARSHA PERRY,<br>KIMBERLY MORRISON, and SONYA<br>SPRINGER<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 United States Code Sections 1331, 1441, and 1446, Defendants Birdville Independent School District (Birdville ISD or the District) Marsha Perry, and Kimberly Morrison remove Cause No. JP01-21-SC00014861 (the State Court Action) from the Justice Court Precinct 1 of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and would respectfully show the Court as follows:

## I.    SUMMARY OF STATE COURT ACTION

1.    Plaintiff Florence Hill filed suit against The Birdville ISD Foundation for Educational Excellence, Marsha Perry, Kimberly Morrison, and Sonya Springer on April 6, 2021, alleging various tort claims against all Defendants.[1] (Appendix, Attachment B).

2.    Defendant Birdville ISD was served on April 12, 2021, by serving Darrell G. Brown, Superintendent of Birdville Independent School District. (Appendix, Attachment B). Defendants Marsha Perry and Kimberly Morrison were served on April 9, 2021. (Appendix,

---

[1] Birdville ISD's Plea in Abatement set forth that Plaintiff's naming of the Birdville ISD Foundation for Educational Excellence constituted a misnomer. Plaintiff subsequently filed amended pleadings, which properly named Birdville ISD as a Defendant.

Attachment B). Defendant Sonya Springer has not been served.[2]

3.      Birdville ISD filed a Plea in Abatement, Motion to Dismiss, Plea to the Jurisdiction, and Answer on April 23, 2021. (Appendix, Attachment E). Specifically, Birdville ISD moved for the dismissal of the Individual Defendants pursuant to the Election of Remedies provision of the Texas Tort Claims Act (TTCA) and asserted its entitlement to governmental immunity from Plaintiff's claims pursuant to the TTCA.[3] Additionally, Defendants Perry and Morrison subsequently filed Answers.[4] (Appendix, Attachments F, G).

4.      On April 28, 2021, Plaintiff filed a Second Amended Petition and Third Amended Petition, in which Plaintiff added A[.] W[.] as a Plaintiff. (Appendix, Attachment H). To the District's knowledge, A[.] W[.] is Plaintiff Florence Hill's minor child.[5]

5.      On April 30, 2021, the District filed a Motion to Dismiss, Plea to the Jurisdiction, and Answer and Defendants Perry and Morrison filed Answers. (Appendix, Attachments L, M, N). The District's Motion to Dismiss again requested the dismissal of the Individual Defendants pursuant to the Election of Remedies provision of the TTCA and asserted its entitlement to governmental immunity from Plaintiff's claims pursuant to the TTCA.

6.      Additionally, the District's Motion to Dismiss asserted the dismissal of A[.] W[.] as minors are considered to be under a legal disability and therefore unable to sue in their individual capacities. Further, as minors are required to appear in court through a legal guardian, a "next friend," or a guardian ad litem, the District similarly asserted Plaintiff Florence Hill could not

---

[2] Defendants Marsha Perry, Kimberly Morrison, and Sonya Springer are referred to as the Individual Defendants. The Individual Defendants are current and former employees of Birdville ISD.

[3] TEX. CIV. PRAC. & REM. CODE § 101.106; *Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

[4] Undersigned counsel represents Birdville ISD and all Individual Defendants.

[5] Because A.W. is a minor, the District has used A.W.'s initials herein and redacted A.W.'s name in the documents filed with the Court.

represent the interests of her minor child before the Court as only licensed attorneys can represent the interests of others before the Court. [6]

7.      On May 4, 2021, Plaintiff filed a Motion to Transfer, which put the District on notice that Plaintiff's claims arise under federal law.[7] (Appendix, Attachment Q). This removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.    JURISDICTION

8.      The State Court Action is removable under 28 U.S.C. § 1441 on the basis of federal question jurisdiction. Additionally, pursuant to 28 U.S.C. § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[8] Any civil action brought in a state court may be removed without regard to the citizenship of the parties when the district courts of the United States have original jurisdiction.[9] District courts of the United States have original jurisdiction over all civil actions arising under the Constitution and laws of the United States.[10]

9.      Plaintiff's Motion to Transfer puts Defendant on notice that Plaintiff is alleging

---

[6] *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ) (per curiam) (striking documents filed by an individual who was not an attorney but was acting as next friend for a party alleged to be mentally incompetent); *Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3-09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) (dismissing claims brought by mother on behalf of daughter on the basis that "individuals who do not have a law license may not represent other parties even on a next friend basis").

[7] Plaintiff's filings in this matter, particularly the Motion to Transfer, contain substantial references to a minor student, which is information protected by the Family Educational Rights and Privacy Act (FERPA), as well as extensive personal information of the unserved Defendant Sonya Springer. As such, the District has made redactions to the documents contained in the Appendix, which are referenced in this Notice of Removal. The redacted information has no bearing on the fact that Plaintiff has put the District on notice that her claims arise under federal law and, thus, that removal to this Court is proper. However, should the Court deem unredacted copies necessary or relevant, the District will request to provide same under seal.

[8] 28 U.S.C. § 1446(b)(3).

[9] 28 U.S.C. § 1441(a).

[10] 28 U.S.C. § 1331.

claims arising under federal law.[11] Specifically, in the Motion to Transfer, Plaintiff alleges violations of "Plaintiffs' due process rights" as well as a violation of Plaintiff's right to "equal protection under the law." (Motion to Transfer, p.2). Additionally, Plaintiff invokes the Fourteenth Amendment of the United States Constitution. (Motion to Transfer, p.3).

10.    Plaintiff's Third Amended Petition is sparse, and Birdville ISD and Defendants Perry and Morrison admittedly did not initially read the Petition as asserting any federal claims. Plaintiff does assert, however, that Defendants "had a duty to protect" Plaintiff's minor child. Plaintiff also asserts Defendants' actions were "racially motivated."

11.    Regardless of whether Plaintiff's claims are colorable, these allegations, coupled with her assertions in the Motion to Transfer, clearly reflect claims invoking the jurisdiction of a federal district court. This is particularly true given that pleadings filed by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers."[12] Moreover, Plaintiff's Motion to Transfer seeks to transfer the case to the United States District Court for the Western District of Texas. While the wrong venue, Plaintiff's request further supports her attempt to assert federal claims against the District and the Individual Defendants.

12.    While the basis for removal is often derived from a Plaintiff's pleadings, 28 U.S.C. § 1446 sets forth that motions, orders, or other papers may put a defendant on notice that Plaintiff's claims arise under federal law.[13] Thus, because Plaintiff' asserts claims arising under federal law

---

[11] It does not appear as if Plaintiff's Motion to Transfer has actually been filed as Defendant has received only a courtesy copy. However, such distinction is immaterial to the removal of the State Court Action. Fifth Circuit courts have found that the 30-day clock begins running when a plaintiff transmits a courtesy copy of a state court petition to a defendant, and not necessarily when formal service of process occurred. *J.R. Laughead, Inc. v. Air Dayco Corp.*, 942 F. Supp. 339, 341 (S.D. Tex. 1996).
[12] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[13] 28 U.S.C. § 1446(b)(3); *see Ford v. Shoney's Restaurants, Inc.*, 900 F. Supp. 57, 59 (E.D. Tex. 1995) (finding that a removal clock begins to run when a defendant receives requisite written notice of facts making the case removable in which the defendant's receipt of the plaintiff's discovery responses first demonstrated plaintiff's damages sought exceeded the amount required for diversity jurisdiction based on the amount in controversy requirement).

in her Motion to Transfer and seeks to have the case transferred to a federal district court, the action is removable, and the United States District Court for the Northern District of Texas has jurisdiction and is the proper venue given that Birdville ISD is located in Tarrant County.[14]

13.     Moreover, the Court can exercise jurisdiction over the entirety of the State Court Action because the tort claims alleged by Plaintiff arise out of "a common nucleus of operative facts" as the claims Plaintiff appears to be asserting under federal law.[15] Specifically, all claims are based on Plaintiff's allegations regarding Birdville ISD and its employees' actions (*i.e.*, the Individual Defendants) pertaining to Plaintiff and/or Plaintiff's minor child. As stated in the statute, Plaintiff's tort claims are "so related" to the federal law claims "that they form part of the same case or controversy" and, thus, the Court may exercise supplemental jurisdiction over those claims.[16] Accordingly, the entire State Court Action is removable.

### III.    REMOVAL REQUIREMENTS

14.     Filed simultaneously herewith is an index of the process, pleadings, and orders from the State Court Action, copies of all documents filed in the State Court Action, a copy of the State Court Action docket sheet, and a certificate of interested persons.

WHEREFORE, PREMISES CONSIDERED, Defendant Birdville Independent School District respectfully requests that the State Court Action be removed to this Court for trial and determination, that all further proceedings in the State Court Action be stayed, and that Defendant have all additional relief to which it may be justly entitled.

Respectfully submitted,

---

[14] *See* 28 U.S.C. § 1441(a).
[15] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The District also notes that the Court *may* exercise jurisdiction, but also notes that as a Texas public school district, Birdville ISD has governmental immunity, which is not waived and which it intends to assert in response to Plaintiff's claims.
[16] *See* 28 U.S.C. § 1367(a).

By: /s/Meredith Prykryl Walker
        Meredith Prykryl Walker
        State Bar No. 24056487
        Alexandra Mosser
        State Bar No. 24107297

WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
amosser@wabsa.com

ATTORNEYS FOR DEFENDANT
BIRDVILLE INDEPENDENT SCHOOL
DISTRICT

## CERTIFICATE OF SERVICE

On May 7, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Florence Hill
P.O. Box 821061
N. Richland Hills, TX  76182

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker