IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **FLORENCE HILL**, *et al.*, | § § § | |
| **Plaintiffs**, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00637-P-BP |
| **BIRDVILLE INDEPENDENT SCHOOL DISTRICT**, *et al.*, | § § § § | |
| **Defendants**. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Florence Hill ("Plaintiff") filed a small claims petition against Birdville Independent School District and two of its agents (collectively "Defendants") in the Justice of the Peace Court, Precinct No. 1, Tarrant County, Texas on April 6, 2021. ECF No. 1. Defendants removed the case to this Court on May 7, 2021. *Id.* On May 19, 2021, the case was referred to the undersigned pursuant to Special Order 3. ECF No. 6. On May 20, 2021, the Court ordered Plaintiff and Defendants to file amended pleadings consistent with the pleading requirements of the Federal Rules of Civil Procedure and Local Civil Rules of the Court ("Local Civil Rules"). ECF No. 7. When the deadline stated in that Order passed, the Court issued its Second Order to Replead and informed Plaintiff that a failure to comply could result in dismissal of her case without further notice. ECF No. 9. As of the date of these findings, conclusions, and recommendation, Plaintiff still has not filed an Amended Complaint as required in the Court's orders.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). Because the Court issued two separate orders requiring Plaintiff to file

an Amended Complaint and warning her that failure to comply could lead to dismissal of her claims, and Plaintiff nevertheless failed to file an Amended Complaint, her case should be dismissed.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** Plaintiff's action **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 26, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE